**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SUSAN MARIE LUCKY,** | ) | **CASE NO.5:12CV1888** |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| Carolyn W. Colvin, | ) | |
| **COMMISSIONER OF SOCIAL** | ) | **ORDER** |
| **SECURITY,** | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act.(ECF #16).  The Motion was referred to Magistrate Judge Greg White for a Report and Recommendation.  The Parties filed a Joint Stipulation for an Award of Attorney's Fees Under the Equal Access to Justice Award. The Magistrate Judge issued his Report and Recommendation on July 9, 2013, recommending that the Plaintiff be awarded attorney fees.  Therefore, pursuant to the joint stipulation of the parties, the Court adopts the Report and Recommendation, and

1

orders that Plaintiff is awarded attorney fees in the amount of $3,800.00 and costs in the amount of $350.00 in full satisfaction and settlement of any and all claims Plaintiff may have under the EAJA in the above case.

Further, the Court finds that the award of attorney fees satisfies all of Plaintiff's claims for fees, costs, and expenses under 28 U.S.C. § 2412 in this matter. The fees paid belong to Plaintiff and not her attorney and can be offset to satisfy pre-existing debt that the litigant may owe the United States under *Astrue v. Ratliff*, 560 U.S. __, 130 S.Ct. 2521 (2010). After entry of this EAJA award, if counsel for the parties can verify that Plaintiff owes no pre-existing debt subject to offset, the Commissioner shall direct that the award be made payable to Plaintiff's attorney pursuant to the fee assignment duly signed by Plaintiff and counsel.

IT IS SO ORDERED.

Date: 7/10/2013

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge